**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO: |
| **James Laughlin** ) | |
| **Linda L. Laughlin** ) | Chapter 13 |
| SSN(s): **xxx-xx-1032, xxx-xx-7458** ) | |
| **175 CR 2704** ) | |
| **Shelbyville, TX 75973** ) | |
| ) | |
| ) | |
| Debtor ) | |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$945.00** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☒ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (10/06/2012) | 60 (09/06/2017) | $945.00 | $56,700.00 |
| | | Grand Total: | $56,700.00 |

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is **$3,500.00**. The amount of **$500.00** was paid prior to the filing of the case. The balance of **$3,000.00** will be paid ☒ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No:
Debtor(s): **James Laughlin**
   **Linda L. Laughlin**

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

   | (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
   |---|---|---|
   |  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

   | (a)<br>Claimant | (b)<br>Proposed Treatment |
   |---|---|
   |  |  |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

   | (a)<br>Creditor | (b)<br>Estimated claim |
   |---|---|
   |  |  |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

   | (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection payment amount |
   |---|---|---|
   |  |  |  |

Case No:
Debtor(s):  **James Laughlin**
**Linda L. Laughlin**

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **Toyota Motor Credit** **2010 Toyota Venza** | 6/2010 | $25,150.00 | 3.25% | $505.49 Avg. Month(s) 4-57 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **Kubota Credit** **Kubota ATV** | 10/2010 | $3,000.00 | 3.25% | $60.30 Avg. Month(s) 4-57 |
| **Kubota Credit** **Kubota Tractor, Front Loader, and Cutter** | 7/2010 | $6,000.00 | 3.25% | $120.59 Avg. Month(s) 4-57 |
| **Shelby Savings Bank** **2000 Ford F25, 2003 Ford Ranger, and 2006 Legend C** | 1/13/2011 | $9,000.00 | 3.25% | $150.74 Avg. Month(s) 4-57 |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

Case No:
Debtor(s):  **James Laughlin**
            **Linda L. Laughlin**

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
|  |  |  |  |

(C). **Surrender of Collateral.**  Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:**  The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property.  Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
| **One Main Financial** | **TV and Computer** | **$8,437.00** |

7.  **Unsecured Claims.**  Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$37,350.00**   .  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$2,825.01**   .  Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.  **Executory Contracts and Unexpired Leases.**  All executory contracts and unexpired leases are assumed, unless rejected herein.  Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9.  **Property of the Estate.**  Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10.  **Post-petition claims.**  The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee.  Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

Case No:
Debtor(s):  **James Laughlin**
            **Linda L. Laughlin**

11. **General Provisions.**  Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions.  Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b).  Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

   (C). **Additional provisions.**

   **Trustee's Recommendation Concerning Claims deadline**
   Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning Claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

   **Replacement Value Not Set at Confirmation**
   Notwithstanding any other provision herein, the value of the collateral as set forth in Paragraph 6(A)(ii)(b) of the Chapter 13 Plan is not determined upon the confirmation of the Plan. The value stated in this Plan represents a good faith estimate based on the Debtors knowledge and belief. Such value is subject to modification by (1) the value stated in the particular creditors proof of claim allowed under 11 U.S.C. 502, (2) any agreement relating to the collaterals value attached to this confirmation order, (3) an order on the Debtors objection to the particular creditors claim, or (4) an order on any partys motion to value the particular collateral brought under 11 U.S.C. 506 and Bankruptcy Rule 3012.

   **Tax Refunds-Ned**
   All future tax refunds which Debtor(s) receive during the term of the plan, starting with the tax refund, if any, to be received for the tax year 2012 shall be turned over to the Trustee within ten (10) days of receipt of such, to the extend said refund exceeds $3,000.00, and shall be added to the plan base.  Whether or not a tax refund is due, debtor shall provide a copy of their tax return to the trustee within ten (10) days of filing such during the term of the plan.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above.  The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date:  **September 6, 2012**                          /s/ James Laughlin
                                                      James Laughlin, Debtor

/s/ Robert E. Barron                                  /s/ Linda L. Laughlin
Robert E. Barron, Debtor's Attorney                   Linda L. Laughlin, Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

IN RE:  **James Laughlin**                          CASE NO.
              *Debtor*

          **Linda L. Laughlin**                          CHAPTER  **13**
              *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 6, 2012, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Robert E. Barron**
Robert E. Barron
Bar ID: 01820800
Barron & Barron, LLP
P.O. Box 1347
Nederland, Texas 77627
(409) 727-0073

---

Capital One
5178-0526-7818-4546
P.O. Box 60599
City of Industry, CA 91716-0599

CitiCards
5424-1810-7163-5119
PO Box 182564
Columbus, OH 43218

GE Capital
6019183075723098
POB 960061
Orlando, FL 32896

Chase
5401-6830-3533-5998
PO Box 94014
Palatine, IL 60094-4014

Country Door
9746291008530
1112 7th Ave.
Monroe, WI 53566

Ginny
9746291008630
1112 7th Ave
Monroe, WI 53566

Chevron
7061591045164281
P.O. Box 530950
Atlanta, GA 30353

Exxon Mobil
7302850039177975
Processing Center
Des Moines, IA 50361

HSBC Card Services
54889555111933513
P.O. Box 60102
City of Industry, CA 91716

Citgo
200905214
Processing Center
Des Moines, IA 50362

Finger Hut
6276456063433864
POB 166
Newark, NJ 07101

HSBC Card Services
5155-9900-6022-7588
P.O. Box 49352
San Jose, CA 95161-9352

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

IN RE: **James Laughlin**                                           CASE NO.
                    *Debtor*

**Linda L. Laughlin**                                               CHAPTER    **13**
                    *Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #1)

---

HSN
5780979542733582
POB 183043
Columbus, OH 43218

Phillips 66
315417303
POB 688929
Des Moines, IA 50368

Wal Mart
6032203164890948
POB 965022
Orlando, FL 32896


James Laughlin
175 CR 2704
Shelbyville, TX 75973

Portfolio Recovery
POB 12914
Norfolk, VA 23541

WFNNB - Alon
6011-3900-0033-1552
POB 659705
San Antonio, TX 78265


John Talton
110 North College Ave., 12th Floor
Tyler, TX 75702

Sam's Club
7714100419144373
POB 530942
Atlanta, GA 30353


Kubota Credit
P.O. Box 0559
Carol Stream, IL 60132

Seventh Ave.
9746291008570
1112 7th Ave.
Monroe, WI 53566


Kubota Credit
P.O. Box 0559
Carol Stream, IL 60132

Shelby Savings Bank
P.O. Box 1806
Center, TX 75935


Montgomery Ward
9746291008290
3650 Milwaukee St.
Madison, WI 53714

Shell
218883734
POB 183018
Columbus, OH 43218


One Main Financial
3801 North Street, Ste. 15A
Nacogdoches, TX 75965

Toyota Motor Credit
POB 105386
Atlanta, GA 30348

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

IN RE: **James Laughlin**
**Linda L. Laughlin**

CASE NO.

CHAPTER   **13**

## Certificate of Service

I hereby certify that on 9/6/2012, a true and correct copy of the Chapter 13 Plan shall be served via electronic means, if available, otherwise by regular, first class mail, to the following, and to all parties in interest as shown by the attached list. This service complies with Local Rules of Bankruptcy Procedure 9013(e).

Date:  **9/6/2012**

/s/ Robert E. Barron
**Robert E. Barron**
Attorney for the Debtor(s)

Capital One
5178-0526-7818-4546
P.O. Box 60599
City of Industry, CA 91716-0599

Country Door
9746291008530
1112 7th Ave.
Monroe, WI 53566

HSBC Card Services
54889555111933513
P.O. Box 60102
City of Industry, CA 91716

Chase
5401-6830-3533-5998
PO Box 94014
Palatine, IL 60094-4014

Exxon Mobil
7302850039177975
Processing Center
Des Moines, IA 50361

HSBC Card Services
5155-9900-6022-7588
P.O. Box 49352
San Jose, CA 95161-9352

Chevron
7061591045164281
P.O. Box 530950
Atlanta, GA 30353

Finger Hut
6276456063433864
POB 166
Newark, NJ 07101

HSN
5780979542733582
POB 183043
Columbus, OH 43218

Citgo
200905214
Processing Center
Des Moines, IA 50362

GE Capital
6019183075723098
POB 960061
Orlando, FL 32896

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

CitiCards
5424-1810-7163-5119
PO Box 182564
Columbus, OH 43218

Ginny
9746291008630
1112 7th Ave
Monroe, WI 53566

Kubota Credit
P.O. Box 0559
Carol Stream, IL 60132

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

IN RE:     **James Laughlin**                                                          CASE NO.
            **Linda L. Laughlin**

                                                                                     CHAPTER     **13**

## Certificate of Service

(Continuation Sheet #1)

---

| | |
|---|---|
| Montgomery Ward<br>9746291008290<br>3650 Milwaukee St.<br>Madison, WI 53714 | Shell<br>218883734<br>POB 183018<br>Columbus, OH 43218 |
| One Main Financial<br>3801 North Street, Ste. 15A<br>Nacogdoches, TX 75965 | Toyota Motor Credit<br>POB 105386<br>Atlanta, GA 30348 |
| Phillips 66<br>315417303<br>POB 688929<br>Des Moines, IA 50368 | United States Attorney's Office<br>350 Magnolia Ave., Ste 150<br>Beaumont, TX 77701-2248 |
| Portfolio Recovery<br>POB 12914<br>Norfolk, VA 23541 | Wal Mart<br>6032203164890948<br>POB 965022<br>Orlando, FL 32896 |
| Sam's Club<br>7714100419144373<br>POB 530942<br>Atlanta, GA 30353 | WFNNB - Alon<br>6011-3900-0033-1552<br>POB 659705<br>San Antonio, TX 78265 |
| Seventh Ave.<br>9746291008570<br>1112 7th Ave.<br>Monroe, WI 53566 | |
| Shelby Savings Bank<br>P.O. Box 1806<br>Center, TX 75935 | |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-9<br>Case 12-90258<br>Eastern District of Texas<br>Lufkin<br>Thu Sep  6 16:14:57 CDT 2012 | Robert E. Barron<br>P.O. Box 1347<br>Nederland, TX 77627-1347 | Barron & Barron, LLP<br>P.O. Box 1347<br>Nederland, Texas 77627-1347 |
| Capital One<br>P.O. Box 60599<br>City of Industry, CA 91716-0599 | Chase<br>PO Box 94014<br>Palatine, IL 60094-4014 | Chevron<br>P.O. Box 530950<br>Atlanta, GA 30353-0950 |
| Citgo<br>Processing Center<br>Des Moines, IA 50362-0001 | CitiCards<br>PO Box 182564<br>Columbus, OH 43218-2564 | Country Door<br>1112 7th Ave.<br>Monroe, WI 53566-1364 |
| Exxon Mobil<br>Processing Center<br>Des Moines, IA 50361-0001 | Finger Hut<br>POB 166<br>Newark, NJ 07101-0166 | GE Capital<br>POB 960061<br>Orlando, FL 32896-0061 |
| Ginny<br>1112 7th Ave<br>Monroe, WI 53566-1364 | HSBC Card Services<br>P.O. Box 49352<br>San Jose, CA 95161-9352 | HSBC Card Services<br>P.O. Box 60102<br>City of Industry, CA 91716-0102 |
| HSN<br>POB 183043<br>Columbus, OH 43218-3043 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Kubota Credit<br>P.O. Box 0559<br>Carol Stream, IL 60132-0559 |
| James Laughlin<br>175 CR 2704<br>Shelbyville, TX 75973-4924 | Linda L. Laughlin<br>175 CR 2704<br>Shelbyville, TX 75973-4924 | Montgomery Ward<br>3650 Milwaukee St.<br>Madison, WI 53714-2304 |
| One Main Financial<br>3801 North Street, Ste. 15A<br>Nacogdoches, TX 75965-2473 | Phillips 66<br>POB 688929<br>Des Moines, IA 50368-8929 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Sam's Club<br>POB 530942<br>Atlanta, GA 30353-0942 | Seventh Ave.<br>1112 7th Ave.<br>Monroe, WI 53566-1364 | Shelby Savings Bank<br>P.O. Box 1806<br>Center, TX 75935-1806 |
| Shell<br>POB 183018<br>Columbus, OH 43218-3018 | Toyota Motor Credit<br>POB 105386<br>Atlanta, GA 30348-5386 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney's Office
350 Magnolia Ave., Ste 150
Beaumont, TX 77701-2254

WFNNB - Avon
POB 659705
San Antonio, TX 78265-9705

Wal Mart
POB 965022
Orlando, FL 32896-5022

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Portfolio Recovery
POB 12914
Norfolk, VA 23541

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33