# THE UNITED STATES BANKRUPTCY COURT
## For the Eastern District of Texas

300 Willow
Suite 112
Beaumont, TX 77701
409-839-2617

2016 SEP -1  AM 10: 35

---

IN RE:
James Laughlin
aka James C. Laughlin
2417 Grand Boulevard
Port Neches, TX 77651
Social Security No.:
xxx-xx-1032

*Deceased*

Linda L. Laughlin
2417 Grand Boulevard
Port Neches, TX 77651
Social Security No.:
xxx-xx-7458

Debtor(s)

Case No.: 12-90258 BP
Chapter: 13

---

## STATEMENT OF DEBTOR REGARDING APPLICABILITY OF
## 11 U.S.C. §522(q) IN A CHAPTER 12 OR 13 CASE

I, James Laughlin, as a debtor in the above-referenced case,[1] declare under penalty of perjury that:

(1) I __ have __ have not: tendered all payments to creditors required to be tendered by me under the provisions of the confirmed Chapter (12 or 13) plan in this case;

(2) I __ have __ have not: been convicted of a felony (as defined in 18 U.S.C. §3156), the circumstances of which demonstrate that the filing of this bankruptcy case constituted an abuse of the provisions of Title 11, United States Code;

(3) I __ do __ do not: owe a pre-confirmation debt arising from any violation of any federal or state securities law or any regulation or order arising from such law;

(4) I __ do __ do not: owe a pre-confirmation debt arising from fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase of any registered security;

(5) I __ do __ do not: owe a pre-confirmation debt arising from any civil remedy provided by 18 U.S.C. §1964;

(6) I __ do __ do not: owe a pre-confirmation debt arising from any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual during the five (5) years preceding the filing of this bankruptcy case; and

(7) there is no pending proceeding in which I may be found guilty of a felony or be found liable for a debt which would alter any of the foregoing declarations.

Date: _____      Signature: *Deceased*
                                             James Laughlin

---

[1] A separate certification must be submitted for **each** debtor seeking a discharge in this case.

7150300101038

# THE UNITED STATES BANKRUPTCY COURT
## For the Eastern District of Texas

300 Willow
Suite 112
Beaumont, TX 77701
409-839-2617

2016 SEP -1 AM 10: 35

IN RE:
James Laughlin
aka James C. Laughlin
2417 Grand Boulevard    } Deceased
Port Neches, TX 77651
Social Security No.:
xxx-xx-1032

Linda L. Laughlin
2417 Grand Boulevard
Port Neches, TX 77651
Social Security No.:
xxx-xx-7458

Debtor(s)

Case No.: 12-90258 BP
Chapter: 13

## CERTIFICATION OF DEBTOR REGARDING STATUS OF DOMESTIC SUPPORT OBLIGATIONS IN A CHAPTER 12 OR 13 CASE

I, James Laughlin, as a debtor in the above-referenced case,[1] declare under penalty of perjury that:

*[CHOOSE ONE]:*

__ As of the date of this certification, I have paid all "domestic support obligations," as that term is defined in 11 U.S.C. §101 (14A):[2]

   (a) which were owed by me under any judicial or administrative order, or any statute prior to the commencement of this case (but only to the extent provided for by my confirmed Chapter 13 plan); and

   (b) which have become due and owing by me under any judicial or administrative order, or any statute since the commencement of this case.

__ I have owed no domestic support obligations, as that term is defined in 11 U.S.C. §101 (14A), during the pendency of this case.

Date: _____                Signature: __Deceased_____
                                                       James Laughlin

---

[1] A separate certification must be submitted for *each* debtor seeking a discharge in this case.
[2] 11 U.S.C. §101(14A) provides that: The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is
   (A) owed to or recoverable by
      (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
      (ii) a governmental unit;
   (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of
      (i) a separation agreement, divorce decree, or property settlement agreement;
      (ii) an order of a court of record; or
      (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian or responsible relative for the purpose of collecting the debt.